stand. It will be observed that the defendants have not only been held responsible for a second payment of accounts already settled, where the checks had been drawn by one or other of them, but they have also been held responsible for the sum of $17.36, where the check for the second payment was drawn by the plaintiff. The cash payment of $17.36 appears to have been made January 22, 1897, and the check which included this $17.36, with which the referee has charged the defendants, was drawn January 29, 1897, and was drawn by the plaintiff. From an examination of the books, the expert states that the bill in question was paid twice, and that the $17.36 included in the check calls for the same thing that had been previously paid for in cash. Why both defendants should be made to pay for a second payment improperly made by one, or to pay for a second payment improperly made by the plaintiff, is something that has not been explained in the printed brief or by the oral argument, and does not appear from the testimony in the case. If bills have been paid twice, the parties receiving such payments are liable to the co-partnership for the overpayment, and such claims constitute a part of the assets of the firm, to be collected by the receiver. Unless in cases of gross negligence, I do not understand that co-partners are personally liable to the co-partnership for overpayments. The losses incurred by error, and mistakes of the several co-partners in the course of business, are part of the hazards of any business, and must be borne by the co-partnership, and not by the individual members through whom they occurred, unless they happen through gross negligence. Here there is no claim of bad faith in making these second payments, nor that there was gross negligence, but, for aught that appears, they were purely accidental.

I refrain from an examination of the other findings of fact, and express no opinion thereon, because, with the view that I take of the case, a new trial will be necessary, in which all questions of fact will be passed upon. The fact, therefore, that other findings have not been here adverted to is not to be taken as an intimation of approval or disapproval of them.

The judgment should be reversed, referee discharged, and a new trial granted; costs to abide the event. All concur.

---

## WILLIAMSON v. ANDERSON.

(Supreme Court, Appellate Division, First Department. November 25, 1898.)

STOCK—TRANSFER.

> One to whom a certificate on its face transfers stock absolutely, and as the unqualified owner thereof, has prima facie a right to have the stock transferred to him on the books of the corporation.

Appeal from special term.

Action by David Williamson against Henry B. Anderson and others. From a judgment for plaintiff defendant Anderson appeals. Affirmed.

56 N.Y.S.—53

The following is the opinion of the court below (HISCOCK, J.):

The plaintiff is the holder and in possession of, and produces upon the trial of this action, a certificate transferring to him absolutely, and as the unqualified owner of sixty-nine shares of the capital stock of the above-named defendant company, and seeks to compel said company to transfer said stock to him upon its books. The defendants, and principally, it appears, the defendant Anderson, dispute his right to have said stock so transferred, claiming that he holds the same as security, and not as an absolute owner. A somewhat involved explanation has been offered by the evidence of the defendants to sustain such theory of security or qualified ownership. After considering the same, however, in the light of plaintiff's evidence contradicting such theory, and in the light of the prima facie right which plaintiff has upon the face of the certificate to have it transferred to him, I am of the opinion that the latter has established his right to the relief claimed, and that he should have judgment compelling such transfer, etc. Findings or decision and judgment in accordance herewith, with costs against both defendants, may be prepared by plaintiff; and, if not satisfactory in form to defendants, they may submit amendments.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

C. P. Anderson, for appellant.
C. D. Rogers, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below.

---

## PEOPLE v. PAGE.

(Supreme Court, Appellate Division, Third Department. March 14, 1899.)

1. NAVIGABLE WATERS—TITLE TO BED—COLONIAL GRANT.
    A colonial grant was of land along both sides of the Hudson [Mohawk] river, and extending from each side backward into the woods 24 miles, and all the islands, rivers, and creeks appertaining thereto, and was in confirmation of a former Dutch grant, which, under the Dutch law, would not vest title to land under public streams. Held, that this did not carry title to the bed of the river as against the state, it being navigable at that point.

2. SAME—LAND COMMISSIONERS.
    Laws 1894, c. 317, § 70, subd. 5, permitting commissioners of the land office to authorize the use of lands of the state under water for certain purposes therein stated, did not permit them to authorize the construction of a permanent dam in a navigable stream.

3. SAME.
    The fact that the use of a navigable stream for commerce or navigation is insignificant does not destroy the state's proprietary rights, nor authorize its appropriation for individual use.

4. SAME—PRESCRIPTION—AMENDMENT AFTER TRIAL.
    Where the evidence showed that, 50 years before, a dam had been maintained for a few years in a public stream, but not that one had been maintained continuously for 40 years, a motion by defendant, made after trial in a suit to enjoin him from maintaining a dam in such stream, for leave to amend by setting up a prescriptive right to maintain the dam because of 40 years' adverse possession, was properly denied.

5. SAME—SUBJECT-MATTER—ALLOWANCE.
    In a suit by the people to enjoin the obstruction of a navigable stream, the subject-matter is the state's right to have the waters of the stream flow free and unobstructed; and hence, where there is no proof of the